## Pietro Caira, Appellee, v. Fort Dearborn National Bank, Appellant.

### Gen. No. 23,102. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Pietro Caira, plaintiff, against the Fort Dearborn National Bank, defendant, to recover the sum of $1,676.65 collected by defendant from a foreign bank through a power of attorney, delivered to defendant by a private banker acting as agent for plaintiff and deposited to the credit of such private banker,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

who appropriated the money to his own use. From a judgment for plaintiff for $1,676.65, defendant appeals.

ADAMS, CREWS, BOBB & WESTCOTT, for appellant.

EDMUND J. RICE and FRANK DEBARTOLO, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 138*—*when notice to produce document before introducing copy is unnecessary.* Where an action against a bank collecting money and wrongfully crediting it to an agent of plaintiff is based upon a power of attorney to collect given defendant and defendant admits the execution of the power of attorney and delivery of same to it, defendant has knowledge of the fact that such instrument is necessary to establish plaintiff's case, dispensing with service of notice to produce before trial, and, upon its failure to produce such document, a copy thereof is admissible in evidence.

2. CUSTOMS AND USAGES, § 11*—*what constitutes usage.* A usage must be generally known and established, and so well settled and so uniformly acted upon, as to raise a fair presumption that it was known to both parties, and that they contracted with reference to and in conformity with it.

3. CUSTOMS AND USAGES, § 27*—*when evidence does not show known general usage.* Evidence *held* insufficient to establish a general usage among bankers collecting money from foreign banks for agents of persons residing in the United States through powers of attorney given by depositors, of crediting the agents with the amount of deposit so as to warrant a finding that the depositors knew of such usage.

4. BANKS AND BANKING, § 160*—*when bank collecting money in foreign bank liable for payment of money to agent of depositor.* Where a bank is given a power of attorney to collect money in a foreign bank by the agent of the depositor, the fact that there is a limited usage unknown to the depositor whereby the collecting

bank credits the agent with the deposit, cannot operate to relieve the collecting bank from liability where the money is converted by the agent to his own use.

5. BANKS AND BANKING—*what is the effect of delivery of pass books to third person.* The delivery of pass books on a foreign bank by the depositor to his agent does not warrant a collecting bank in treating such agent as the owner of the funds, since pass books are not negotiable instruments.